Dear Ms. Greco:
Reference is made to your recent request for an opinion of this office, on behalf of Sheriff Elmer B. Litchfield, regarding the ability of Sheriffs to accept credit card payments. Pertinently, your letter provides as follows:
 "R.S. 33:1423.1 authorizes sheriffs to charge a credit card payment fee of no more than 5 percent of the amount collected plus any penalties or interest. In practice, we are unable to negotiate a contract with a card processor to handle very small transactions for a 5 percent fee; they demand a flat minimum fee.
 A later enactment, R.S. 33:2933, also authorizes acceptance of credit card payments it does not expressly mention sheriffs but rather applies to the broad class of local political subdivisions. It allows a local entity to establish a credit card processing fee, but does not cap the amount of the fee.
 Our question is whether we may rely on R.S. 33:2933 in establishing processing fees for credit card payment of ad valorem taxes, using a schedule of flat fees for small payments which may produce a fee in excess of 5 percent."
LSA-R.S. 33:2933, in pertinent part, provides as follows:
"A. As used in this Section:
 (1) `Local entity' means any parish, municipality, or other political subdivision of the state created by law.
 `Local charges' means taxes, fees, charges, licenses, service fees or charges, fines, penalties, interest, sanctions, stamps, surcharges, assessments, obligations, and any other similar charges or obligations owed the local entity, or any department, agency, board, commission, or other entity thereof."
Your inquiry requires this office to determine whether or not a sheriff's office can be considered to be a `political subdivision" as referred to in LSA-R.S. 33:2933.
This office has previously determined that sheriff's offices are considered political subdivisions under particular provisions of the Constitution and statutes of this state. Attorney General's Opinion Nos. 97-381; 97-381-A; 93-218. In Attorney General's Opinion No. 93-218, we stated:
 "`Political subdivision' is defined fairly broadly in various places throughout the statutory law for different purposes. Section 44 of Article VI (Local Government) of the Louisiana Constitution of 1974 defines `political subdivision' as `a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.' The key to this definition is the legal authority of a body to perform governmental functions.
 Likewise, LSA-R.S. 13:5101 et seq. (Suits against State, State Agencies, or Political Subdivisions) defines `political subdivision' in terms of legal authority to perform governmental functions, while not being restricted to political units contained within clearly defined boundaries. Section 5102(B) defines `political subdivision' as `any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district corporation, agency, authority, or agency or subdivision of any kind which is not a state agency."
In our opinion, LSA-R.S. 33:2933 appears to be broadly drafted in an attempt to include all local entities, even though sheriffs are not specifically mentioned therein. Furthermore, LSA-R.S. 33:2933A(2) clearly refers to "taxes" "fines", "assessments" and a number of other charges, all of which are routinely collected by sheriffs. As such, we see no reason why Sheriff Litchfield should not rely on LSA-R.S. 33:2933 in establishing processing fees for the credit payment of ad valorem taxes in accordance with the terms and conditions set forth in that statutory provision.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help with other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
DATE RELEASED: January 3, 2003